David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*DONALD SUTTON*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DONALD SUTTON,<br><br>                    Plaintiff,<br>v.<br><br>COLLECTO, INC. D/B/A EOS-CCA,<br><br>                    Defendant. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, DONALD SUTTON, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a consumer debt and jurisdiction is therefore proper in this Court pursuant

to 28 U.S.C. § 1331.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4. The Plaintiff, DONALD SUTTON ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant COLLECTO, INC. D/B/A EOS-CCA ("COLLECTO"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. COLLECTO at all times acted by and through one or more of its collectors (the "Collectors").

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to Napa Superior Court (the "Creditor") for consumer based charges.

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the

definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to COLLECTO for collection, or COLLECTO was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **COLLECTO Engages in Harassment and Abusive Tactics**

## FACTS

11. On or about May 5, 2014, COLLECTO's predecessor in interest, California Service Bureau, Inc. (CSB) attempted to the collect the Debt.

12. As the CSB collection was (also) unlawful, the Plaintiff brought suit against CSB in the U.S. District Court for Nevada, Case No. 2:14-cv-00701-LDG-GWF (the "Prior Matter").

13. As discussed in the Prior Matter, there was no basis to collect the Debt resulting in CSB's (and now COLLECTO's) violations of the FDCPA.

14. Further, upon information and belief, when COLLECTO was transferred, assigned or otherwise provided the Debt for collection, it would have known that the Plaintiff filed a prior suit regarding the improper collection of the Debt and that Plaintiff was represented by counsel regarding the Debt.

15. This suit results.

## C. **Plaintiff Suffered Actual Damages**

16.     The Plaintiff has suffered and continues to suffer actual damages as a result of COLLECTO's unlawful conduct.

17.     As a direct consequence of COLLECTO's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## D. **Respondeat Superior Liability**

18.     The acts and omissions of COLLECTO, and the other debt collectors employed as agents by COLLECTO who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant COLLECTO.

19.     The acts and omissions by COLLECTO and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by COLLECTO in collecting consumer debts.

20.     By committing these acts and omissions against Plaintiff, COLLECTO and these other debt collectors were motivated to benefit their principal, Defendant COLLECTO.

21.     COLLECTO is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions

done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted the Plaintiff after it knew Plaintiff was represented by an attorney.

24. The Defendants' conduct violated 15 U.S.C. § 1692e, e2, e5 and e10 in that Defendants engaged in false, deceptive or misleading behavior in connection with the collection of a debt. Specifically, by collecting on a debt and an amount which was simply not owed.

25. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by law.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendants'

violations.

28. The Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. for actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);
2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and

…

…

…

3. for any other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 11, 2018

          Respectfully submitted,

          By /s/David H. Krieger, Esq.

          David H. Krieger, Esq.
          Nevada Bar No. 9086
          HAINES & KRIEGER, LLC
          8985 S. Eastern Avenue, Suite 350
          Henderson, Nevada 89123
          Phone: (702) 880-5554
          FAX: (702) 385-5518
          Email: dkrieger@hainesandkrieger.com

          Attorney for Plaintiff
          *DONALD SUTTON*